___

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RAY FORD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 4:21-cr-00062-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Based on the government's Motion to Exclude Time Under the Speedy Trial Act and to Set a New Trial Date ("Motion")[1] and for good cause appearing, the court makes the following findings:

1. Defendant first appeared before the court on June 8, 2021[2], and his indictment was filed on June 23, 2021.[3] Accordingly, his Speedy Trial Act calculation began to run on June 23. Defendant's two-day jury trial was set for September 7, 2021.[4] On August 24, 2021, Defendant's trial was continued to January 11, 2022.[5] On December 29, 2021, Defendant's trial was continued to May 17, 2022.[6]

2. The government has moved to continue trial for 41 days pursuant to 18 U.S.C. §

---

[1] Docket no. 36, filed April 27, 2022.

[2] Minute Entry for Proceedings before Magistrate Judge Paul Kohler, docket no. 7, filed June 8, 2021.

[3] Docket no. 12, filed June 23, 2021.

[4] Minute Entry for Proceedings before Magistrate Judge Paul Kohler, docket no. 7, filed June 8, 2021. Due to the ongoing COVID-19 Pandemic, time between April 1, 2021, and June 30, 2022, has been excluded by the District of Utah from the Speedy Trial Act time calculations. D. Ut. General Order 22-06.

[5] Memorandum Decision and Order Granting Motion to Continue Trial and Excluding Time Under the Speedy Trial Act, docket no. 27, filed August 24, 2021.

[6] Memorandum Decision and Order Granting Motion to Continue Trial and Excluding Time Under the Speedy Trial Act, docket no. 31, filed December 29, 2021.

3161(h)(7) (ends of justice).[7] This is the government's first request for continuance of the trial in this matter. If granted, this would be the third continuance of the trial.

3. The government asks the Court to continue the trial in light of the factual findings in General Orders 21-003, which were adopted in later General Orders.[8]

4. Counsel for the government has numerous other legal responsibilities between today's date and the date of trial which are pending. It is impracticable to delegate those tasks to other attorneys or to delay those responsibilities.[9]

5. Defendant is in custody.[10]

6. Defendant has not authorized defense counsel to stipulate to this continuance.[11]

7. There are no other defendants in this case.

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[12]

Failure to grant the requested continuance, however, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation. The government indicates that it expects trial to go forward. However,

---

[7] Motion at 2.

[8] Motion at 3.

[9] *Id*. at 4.

[10] Minute Entry for proceedings held before Judge Magistrate Judge Paul Kohler, docket no. 20, filed June 28, 2021.

[11] *Id*. at 1.

[12] United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

other responsibilities, including an upcoming trial before this court, make it impossible for counsel to effectively prepare and conduct a trial, taking into account the exercise of due diligence.[13] Moving trial to June 27 should allow time for effective preparation. Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

**ORDER**

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  The Motion[14] is GRANTED.

2.  New case deadlines are:

    Motion filing deadline: May 30, 2022.

    Plea hearing deadline: May 6, 2022.

    Final pretrial hearing: Tuesday, June 21, 2022, 1:30 pm.

    Two-day jury trial: Monday, June 27, 2022, 8:30 am.

---

[13] Motion at 3-4.

[14] Docket no. 36, filed April 27, 2022.

3.        The time period between the filing of the Motion and June 27, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this 28th day of April, 2022.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge